UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

                                  No. 1:22-cr-099

v.

                                  Hon. ROBERT J. JONKER
VIRGIL CHANDLER KNOWLES III,      United States District Judge

    Defendant.
_____/

**GOVERNMENT SENTENCING MEMORANDUM**

Defendant Virgil Knowles exploited two girls for his own sexual gratification. They were just 10 and 4 years old. And this was no "thought crime," Defendant posed in the images with the children and shared the "trophies" of his exploits with a stranger he met on the internet. In view of these aggravating factors, the government asks this Court to impose a sentence within-Guidelines sentence of at least 360 months.

**I.    BACKGROUND**

This is a child exploitation case. Defendant has pleaded guilty to sexual exploitation of a child contrary to 18 U.S.C. § 2251(e) and to distribution of child pornography contrary to 18 U.S.C. § 2252A(a)(2). (R.68: Final Presentence Investigation Report (PSR), PageID.276, ¶ 5.)

In July of 2022, Defendant sent child pornography to an undercover officer who was chatting in a messaging application. (*Id.* at PageID.277-78, ¶¶ 14, 15.) There were two different children in the images that he sent. (*Id.*) One was 10 years old, and the other was 4 years old. (*Id.* at PageID.280, ¶¶ 29, 30.) Defendant appeared in the images too, and the

pictures left no doubt that Defendant was sexually aroused. (*Id.*) Defendant even bragged to the undercover officer that he would "lick, touch, [and] jerk" on his victims while they were sleeping. (*Id.* at PageID.277, ¶ 12.) He later admitted to getting pleasure from what he had done. (*Id.* at PgeID.280, ¶ 29.)

## II.  DISCUSSION

### A. The Factors of 18 U.S.C. § 3553(a) Weigh in Favor of a Lengthy Sentence.

Title 18 U.S.C. § 3553(a) directs this Court to impose a sentence that reflects the "nature and circumstances of the offense" as well as the "history and characteristics of the defendant." The same statute instructs this Court to consider the need for the sentence imposed "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense" as well as the need to "protect the public from further crimes of the defendant . . . ." 18 U.S.C. § 3553(a)(2).

Crafting an appropriate sentence in any case is difficult, but federal judges have sometimes expressed unique frustrations in child exploitation cases. One survey conducted by the United States Sentencing Commission found that approximately "seventy percent of federal judges consider the sentencing guidelines too severe for child pornography possession and receipt cases." Melissa Hamilton, *The Efficacy of Severe Child Pornography Sentencing: Empirical Validity or Political Rhetoric?*, 22 Stan. L. & Pol'y Rev. 545, 546. A common concern among this group is that Congress has mistakenly assumed that people who send and receive child pornography "are also child molesters." *Id.*

Reasonable jurists may disagree on whether "sender only" offenders should be treated as child molesters. But this Court need not take a side in that debate in order to

fairly sentence Defendant. The reason for this is that Defendant is not a "sender only" offender – he personally molested two children.

Even among "hands on" offenders like Defendant, Courts must proceed cautiously and ensure that sentences are proportionate to the wrongfulness of each Defendant's misconduct. But even this measured approach weighs in favor of a lengthy sentence here. Some child pornographers choose post-pubescent victims. Not Virgil Knowles. Some child pornographers avoid going "hands on" and instead persuade victims to take pictures of themselves. Not Virgil Knowles. And some child pornographers keep their images secret. Not Virgil Knowles.

Defendant is a "hands on" exploiter of prepubescent victims who traded sexual pictures of kids on social media. He is much closer to the end of the spectrum of culpability than its beginning. The government asks this Court to sentence him accordingly and impose a sentence of at least 360 months.

Respectfully submitted,

MARK A. TOTTEN
United States Attorney

Dated:  February 7, 2023

/s/ Austin J. Hakes
AUSTIN J. HAKES
Assistant United States Attorney
P.O. Box 208
Grand Rapids, MI  49501-0208